IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50363
Summary Calendar
_____

RODNEY LEE WOODS,

                                        Plaintiff-Appellant,

versus

JACK M. GARNER, Warden; CHARLIE F.
STREETMAN, Assistant Warden; WILLIAM L.
NORTHROP; DEBORAH A. PARKER; JOHN E.
STICE; RAUL J. MATA; EVELYN COOK; T.M.
WORTHINGTON; MICHAEL W. MOORE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CV-187
--------------------
April 11, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Rodney Lee Woods, Texas prisoner # 627825, has filed an

application for leave to proceed *in forma pauperis* (IFP) on

appeal, following the district court's dismissal of his 42 U.S.C.

§ 1983 complaint for failure to state a claim upon which relief

can be granted.  By moving for IFP, Woods is challenging the

district court's certification that IFP status should not be

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

In his brief in support of his IFP motion, Woods has included a challenge only to the district court's dismissal of his claim that defendant William L. Northrop denied him adequate medical care. Woods has failed to challenge the district court's dismissal of his claims against the other defendants. Woods also has not challenged the district court's refusal to permit him to amend his complaint as a sanction for his failure to comply with a court order requesting that he supplement his complaint. This court "will not raise and discuss legal issues that [Woods] has failed to assert." Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987). These other issues are therefore deemed abandoned on appeal.

Woods contends that because he can prove the facts that he alleged against Northrop, the district court erred in dismissing his 42 U.S.C. § 1983 complaint. Woods has failed to show that Northrop's disagreement with a prior diagnosis of back problems and resulting refusal to change Woods's medical classification constituted a denial of medical care sufficient to raise a claim under the Constitution. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Woods also contends that the district court improperly failed to consider his first amended complaint. However, the district court specifically ordered the magistrate judge to consider that document.

Woods's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Woods IFP status on appeal, we deny the motion for leave to appeal IFP, and we DISMISS Woods's appeal as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  This dismissal of his appeal as frivolous and the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted constitute two "strikes" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If Woods obtains one more "strike," he may not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED.